```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


DANA JOHNSON,                     )
                                  )
         Plaintiff,               )
                                  )
    v.                            )  Case No. 4:12CV685 FRB
                                  )
CAJUN OPERATING COMPANY d/b/a     )
CHURCH'S CHICKEN,                 )
                                  )
         Defendant.               )
```

**MEMORANDUM AND ORDER**

Presently before this Court is Plaintiff's Motion To Remand. (Docket No. 7). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On February 17, 2012, plaintiff Dana Johnson ("plaintiff") filed a Petition in the Circuit Court for the City of St. Louis against defendant Cajun Operating Company, d/b/a Church's Chicken ("defendant"), seeking recovery for injuries allegedly sustained due to a condition existing on the premises of a restaurant operated by defendant. On April 13, 2012, defendant removed the matter to this Court, alleging that this is an action which may be removed pursuant to 28 U.S.C. §§ 1332(a) and 1441. (Docket No. 1). In support, defendant alleged that the parties are diverse, and that a reasonable reading of plaintiff's Petition shows that plaintiff has placed an amount in controversy greater than $75,000.00. (<u>Id.</u> at pages 1-2).

On April 17, 2012, plaintiff filed the instant Motion To

Remand.  Therein, while plaintiff admits that complete diversity exists between the parties, she asserts that the maximum recovery for her claim falls below the jurisdictional requirement of $75,000.00, inasmuch as her damages could never exceed that amount. Plaintiff states that her medical bills total $2,876.00, and that she had previously submitted a demand to defendant's insurance company for a total of $50,000.00 to fully resolve her claim, and attaches a copy of that demand letter in support.  In that letter, plaintiff described the slip and fall incident and resulting injuries, which were diagnosed as a right knee contusion and neck strain.  Plaintiff also described receiving conservative medical treatment and physical therapy.  In the instant Motion, plaintiff restates her willingness to settle her case for $50,000.00, and argues that defendant's position that the amount in controversy exceeds $75,000.00 is disingenuous given its refusal to accept her demand for a far lesser amount.

Defendant objects to plaintiff's motion to remand. In support, defendant argues that, given the nature of the allegations in plaintiff's Petition, a jury could award damages in excess of $75,000.00.  Defendant also takes issue with plaintiff's statement that her damages could never exceed $75,000.00, arguing that plaintiff's offer to settle for $50,000.00 does not mean that she will not later seek or be awarded an amount in excess of $75,000.00.  In reply, plaintiff filed the Affidavit Of Scott A. Bailey In Support Of Plaintiff's Motion To Remand. (Docket No. 11, Attachment 1).  There, Mr. Bailey, counsel for plaintiff, averred that plaintiff suffered soft tissue injuries, had less than

$3,000.00 in medical bills, and was not seeking $75,000.00 for her injuries.  (Id.)  Mr. Bailey further averred that, should the matter proceed to trial, he would "ask the jury to render a verdict for something less than the jurisdictional amount."  (Id.)

Federal courts have jurisdiction over civil actions involving diverse parties only when "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs."  28 U.S.C. § 1332(a).  The determination of whether the amount in controversy requirement is satisfied is made at the time of removal.  Hartridge v. Aetna Cas. 7 Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969).  As the party seeking removal and opposing remand, defendant has the burden of establishing federal jurisdiction.  In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  Doubts concerning federal jurisdiction should be resolved in favor of remand.  Id.

In the Petition she filed in state court, plaintiff did not seek an amount greater than $75,000.00, and instead sought only an amount in excess of $25,000.00.  However, plaintiff was restricted by Missouri law from demanding a specific amount in damages for her claim, and was permitted only to demand an amount as was fair and reasonable. Mo. R. Civ. P. 55.05.  When state law prohibits plaintiffs from specifying damages in their state court petitions, this Court and others within the Eighth Circuit have considered facts, including plaintiff's pre and post-removal settlement offers, allegations of serious injuries, and post-removal affidavits, to the extent such facts clarify (rather than amend) the original state court pleading.  McGuire v. J.B. Hunt

- 3 -

Transp., Inc., 2010 WL 2399550, *3 (E.D. Mo. June 10, 2010); see also Ingram v. Procter & Gamble Paper Prods. Co., 2011 WL 1564060, *2 (E.D. Mo. April 25, 2011) (collecting cases) (post-removal affidavits may be considered to determine whether jurisdiction has attached, as long as the affidavit can be considered as clarifying rather than amending the original state court pleading). While the requirements for diversity jurisdiction may be satisfied only with respect to the time of filing, other events may be relevant to prove the existence or nonexistence of such jurisdiction at the time of filing. Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC, 620 F.3d 926, 932-33 (8th Cir. 2010).

The following clarifies the amount actually sought in plaintiff's state court Petition. In the Petition itself, plaintiff alleges medical expenses in the amount of $2,876.00 and, while she uses some expansive language when describing her injuries, she essentially seeks compensation for soft tissue injuries that required only conservative treatment. Plaintiff has also consistently demanded an amount far less than the jurisdictional amount. In the December 22, 2011 demand letter sent to defendant's insurer before the filing of her state court Petition, she demanded $50,000.00 in full settlement of her claims. This is indicative of the amount plaintiff intended to seek when she subsequently filed her Petition in state court. Consistent with her first demand, in the instant motion, plaintiff stated her continued willingness to settle her claim for that amount. Finally, plaintiff's counsel submitted a sworn affidavit stating that the value of plaintiff's claim is less than $75,000.00, and

- 4 -

that plaintiff would ask for an amount less than that were the case to proceed to trial.

Defendant's argument that a jury could award plaintiff in excess of $75,000.00 is merely speculative, and the undersigned determines that defendant has failed to meet its burden of establishing federal jurisdiction. See In re Business Men's Assur. Co. of America, 992 F.2d at 183. All of the facts in evidence consistently demonstrate that plaintiff's state court Petition seeks an amount less than $75,000.00. Plaintiff's state court Petition demands less than that amount; she submitted a demand totaling only $50,000.00 and indicated her continued willingness to settle for that amount; and she submitted an affidavit swearing that the value of her claim does not exceed $75,000.00. Jurisdiction has therefore not attached.

Because the amount in controversy requirement is not met, this Court lacks subject matter jurisdiction and must remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion To Remand (Docket No. 7) is granted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the City of St. Louis.

_/s/ Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of October, 2012.